## Raymond DELAHUNT

v.

### STATE.

### No. 81–100–C.A.

Supreme Court of Rhode Island.

April 16, 1981.

Robert B. Mann, Providence, for appellant.

Dennis J. Roberts II, Atty. Gen., Kathryn A. Panciera, Sp. Asst. Atty. Gen., for appellee.

### ORDER

The defendant's motion for expedited hearing is granted and this case is assigned to the October, 1981 argument calendar. In accordance with the stipulation of the parties, defendant is hereby released on his personal recognizance on Indictment No. 75–1039 pending the instant appeal from the denial of postconviction relief. Since defendant is presently incarcerated in Maine, we hereby direct the clerk to send a written recognizance to defendant's place of incarceration. We further authorize any notary public of the State of Maine to administer said recognizance.

## PROVISIONAL ORDER NO. 15.

Supreme Court of Rhode Island.

April 22, 1981.

PROVISIONAL ORDER NO. 15

MEDIA COVERAGE

The provisions of Rule 48–30 of the Canons of Judicial Ethics adopted by this court May 29, 1974, are hereby amended to allow media coverage of court proceedings during a period of an experimental program of one year in accordance with guidelines which are attached hereto and incorporated herein.

The experimental period shall commence on September 1, 1981, and shall end at the close of judicial business on August 31, 1982.

### GUIDELINES

1. *Authority of Trial Justice.* Rules of conduct under these guidelines do not limit or restrict the power, authority or responsibility vested in the trial justice to control the conduct of judicial proceedings. The authority of the trial justice over the inclusion or exclusion of the press or the public at particular proceedings or during the testimony of particular witnesses is applicable to any person engaging in any activity authorized by these guidelines. For purposes of this provision, the term "trial justice" includes any judicial officer or master who conducts a judicial or quasi-judicial proceeding.

2. *Media.* For purposes of these guidelines, the term "media" includes persons engaged in televising, broadcasting, videotaping and/or photographing (either with still or motion picture camera) of court proceedings. Persons engaged in taking written notes for the printed press shall not be included in the term, except where specifically so indicated.

3. *Court Proceedings.* For purposes of these guidelines, the term "court proceedings" shall include all judicial proceedings in the Supreme Court, Superior Court, District Court, Workers' Compensation Commission, and Family Court, except that media coverage shall not be permitted in respect to juvenile proceedings, adoption proceedings or any other matters in the Family Court in which juveniles are significant participants in the court proceedings.

4. *Equipment and Personnel.*

(a) Not more than one portable television camera [film camera—16 mm sound on film (self blimped) or video tape electronic camera], operated by not more than one camera person, shall be permitted in any trial court proceeding. Not more than two television cameras, operated by not more than one camera person each, shall be permitted in any appellate court proceeding.

(b) Not more than one still photographer, utilizing not more than two still cameras with not more than two lenses for each camera and related equipment for print purposes shall be permitted in any proceeding in a trial or appellate court.

(c) Not more than one audio system for radio broadcast purposes shall be permitted in any proceeding in a trial or appellate court. Audio pickup for all media purposes shall be accomplished from existing audio systems present in the court facility, where practicable. If no technically suitable audio system exists in the court facility, microphones and related wiring essential for media purposes shall be unobtrusively installed and shall be located in places designated in advance of any proceeding by the trial justice.

(d) Any "pooling" arrangements among the media required by these limitations on equipment and personnel shall be the sole responsibility of the media without calling upon the trial justice to mediate any dispute as to the appropriate media representative or equipment authorized to cover a particular proceeding. In the absence of advance media agreement on

disputed equipment or personnel issues, the trial justice shall exclude all contesting media personnel from a proceeding.

5. *Sound and Light Criteria.*

(a) Only television photographic and audio equipment which does not produce distracting sound or light shall be employed to cover judicial proceedings. Specifically, such photographic and audio equipment shall produce no greater sound or light than the equipment designated in Appendix A annexed hereto, when the same is in good working order. No artificial lighting device of any kind shall be employed in connection with the television camera.

(b) Only still camera equipment which does not produce distracting sound or light shall be employed to cover judicial proceedings. Specifically, such still camera equipment shall produce no greater sound or light than a 35 mm Leica "M" Series Rangefinder camera, and no artificial lighting device of any kind shall be employed in connection with a still camera.

(c) It shall be the affirmative duty of media personnel to demonstrate to the trial justice adequately in advance of any proceeding that the equipment sought to be utilized meets the sound and light criteria enunciated herein. A failure to obtain advance judicial approval for equipment shall preclude its use in any proceeding.

6. *Location of Equipment and Personnel.*

(a) Television camera equipment shall be positioned in such location in the courtroom as shall be designated by the trial justice. In respect to courtrooms which are used by a number of trial justices for limited periods, television camera equipment shall be positioned in such location in the court facility as shall be designated by the presiding justice or chief judge of the trial court which utilizes such facilities. The area designated shall provide reasonable access to coverage. If and when areas remote from the court facility which permit reasonable access to coverage are provided, all television camera and audio equipment shall be positioned only in such areas. Video tape recording equipment which is not a component part of a television camera shall be located in an area remote from the court facility.

(b) A still camera photographer shall position himself or herself in such location in the court facility as shall be designated by the trial justice. The area designated shall provide reasonable access to coverage. Still camera photographers shall assume a fixed position within the designated area and, once a photographer has established himself or herself in a shooting position, he or she shall act so as not to call attention to himself or herself through further movement. Still camera photographers shall not be permitted to move about in order to obtain photographs of court proceedings.

(c) Broadcast media representatives shall not move about the court facility while proceedings are in session, and microphones or taping equipment once positioned as required by 4(c) above shall not be moved during the pendency of the proceeding.

7. *Movement During Proceedings.* News media photographic or audio equipment shall not be placed in or removed from the court facility except prior to commencement or after adjournment of proceedings each day, or during a recess. Neither television film magazines nor still camera film or lenses shall be changed within a court facility except during a recess in the proceeding.

8. *Courtroom Light Sources.* With the concurrence of the presiding justice or chief judge of a trial court utilizing such courtroom facilities, modifications and additions may be made in light sources existing in the facility, provided that such modifications or additions are installed and maintained without public expense, and further providing that such modifications and additions are approved by the appropriate building authorities for safety and compatibility with electrical services established in such facilities.

9. *Conferences of Counsel.* To protect the attorney-client privilege and the effective right to counsel, there shall be no audio pickup or broadcast of conferences which occur in a court facility between attorneys and their clients, between co-counsel of a client, or between counsel and the trial justice held at the bench.

10. *Photographing of Jurors.* Individual jurors shall not be photographed, except in instances in which a juror or jurors consent. In courtrooms where photography is impossible without including the jury as part of the unavoidable background, such photography is permitted, but closeups that clearly identify individual jurors are prohibited. Trial justices shall enforce this guideline for the purpose of providing maximum protection for juror anonymity.

11. *Prohibition of Photographing at Request of Participant.* A trial justice may for cause prohibit the audio recording, broadcasting and/or the photographing of a participant with a film, video tape or still camera on the trial justice's own motion or on the request of a participant in a court proceeding. The trial justice shall exercise his broad discretion in deciding whether there is cause for prohibition of media coverage for all or portions of such proceeding.

12. *Statement by Trial Justice in Event of Exclusion.* In the event that a trial justice for cause shown excludes media coverage, he or she shall file a written statement setting forth the reasons for said exclusion. Such written statements need not be filed in respect to exclusion of coverage of juvenile or adoption proceedings, or other proceedings in the Family Court wherein juveniles are significant participants.

13. *Resolution of Disputes.* A dispute as to the application of these guidelines in respect to court proceedings may be referred to the presiding justice or the chief judge of the trial court involved for resolution as an administrative matter. The Supreme Court shall not exercise its appellate or supervisory jurisdiction to review a ruling of a trial justice, presiding justice or chief judge of a trial court at the request of any person or organization who seeks to exercise a privilege conferred by these guidelines, save as provided in section 14 hereof.

14. *Appellate Review.* In the event that any representative of the media is aggrieved by the decision of the trial justice and/or the decision of the presiding justice or chief judge of a trial court concerning access or coverage of a judicial proceeding, such representative may file a petition for certiorari with the Supreme Court. The granting or denying of said petition shall be wholly discretionary with the Supreme Court, and the filing of said petition shall not in any way stay or delay any order that may have been given by the trial justice and/or the presiding justice or chief judge of the trial court, nor shall any judicial proceeding be stayed or delayed by the filing of such petition.

15. *Evaluation of Program.* The Media Advisory Committee appointed by the Chief Justice shall evaluate this experimental program through an ongoing monitoring process. To this end, the Media Advisory Committee directly or through its agents retained for this purpose may submit to trial justices, parties, witnesses, jurors and other participants in trial proceedings questionnaires to be completed, or may cause such individuals to be interviewed as part of the evaluation process. All trial justices, parties, witnesses, jurors and other participants in trial proceedings are expected to cooperate fully with the Media Advisory Committee or its agents in this evaluation process, and the furnishing of all relevant information in implementation thereof.

## APPENDIX A

FILM CAMERAS ----------- 16 mm Sound on Film (self blimped)

| | | |
|---|---|---|
| 1. CINEMA PRODUCTS | CP–16A–R | Sound Camera |
| 2. ARRIFLEX | 16mm–16 BL Model | Sound Camera |

| | | | | | |
|---|---|---|---|---|---|
| 3. FREZZOLINI | 16mm (LW16) | Sound on Film Camera | | | |
| 4. AURICON | "Cini-Voice" | Sound Camera | | | |
| 5. AURICON | "Pro–600" | Sound Camera | | | |
| 6. GENERAL CAMERA | SS III | Sound Camera | | | |
| 7. ECLAIR | Model ACL | Sound Camera | | | |
| 8. GENERAL CAMERA | DGX | Sound Camera | | | |
| 9. WILCAM REFLEX | 16mm | Sound Camera | | | |

VIDEO TAPE ELECTRONIC CAMERAS

| | | | | | |
|---|---|---|---|---|---|
| 1. Ikegami | HL–77 | HL–33 | HL–35 | HL–34 | HL–51 |
| 2. RCA | TK 76 | | | | |
| 3. Sony | DXC–1600 Trinicon | | | | |
| 3a. ASACA | ACC–2006 | | | | |
| 4. Hitachi | SK 80 | SK 90 | | | |
| 5. Hitachi | FP–3030 | | | | |
| 6. Philips | LDK–25 | | | | |
| 7. Sony BVP–200 | ENG Camera | | | | |
| 8. Fernseh | Video Camera | | | | |
| 9. JVC–8800 u | ENG Camera | | | | |
| 10. AKAI | CVC–150 | VTS–150 | | | |
| 11. Panasonic | WV–3085 | NV–3085 | | | |
| 12. JVC | GC–4800u | | | | |

VIDEO TAPE RECORDERS / used with video cameras

| | |
|---|---|
| 1. Ikegami | 3800 |
| 2. Sony | 3800 |
| 3. Sony | BVU–100 |
| 4. Ampex | Video Recorder |
| 5. Panasonic | 1 inch Video Recorder |
| 6. JVC | 4400 |
| 7. Sony | 3800H |